UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **BRYSEIDA QUINTANILLA**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **ALSW, LLC**, a Florida limited liability company, <br><br> Defendant. | CIVIL ACTION <br><br> Case No.  2:23-cv-223 <br><br> Judge: <br><br> Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **BRYSEIDA QUINTANILLA** ("**QUINTANILLA**" or Plaintiff), by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1. This is an action brought under the Pregnancy Discrimination Act (PDA) and Florida Civil Rights Act (FCRA) for (1) pregnancy discrimination in violation of the PDA, (2) pregnancy discrimination in violation of the FCRA, (3) retaliation in violation of the PDA, and (4) retaliation in violation of the FCRA.

### PARTIES

2. The Plaintiff, **BRYSEIDA QUINTANILLA** ("**QUINTANILLA**") is an individual and a resident of Florida who at all material times was employed by the Defendant in Collier County, Florida.

1

3. Defendant, **ALSW, LLC** ("Defendant") is a Florida limited liability company. The Defendant employed **QUINTANILLA** in Collier County, Florida.

4. The Defendant employs in excess of 15 employees and is an employer under the PDA and FCRA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **QUINTANILLA**'s state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff was employed in Collier County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04(a) since Collier County is within the Fort Myers Division.

8. **QUINTANILLA** timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and received her Notice of Right to Sue on February 14, 2023. (*See* Exhibit 1).

## GENERAL ALLEGATIONS

9. **QUINTANILLA** began her employment with the Defendant in June 2021 and was employed as a laborer.

10. **QUINTANILLA** always performed her assigned duties in a professional manner and was very well qualified for her position despite her pregnancy, which she learned of while employed with the Defendant.

11. **QUINTANILLA** received great performance reviews from Defendant's managers- that is until she disclosed her pregnancy in the summer of 2022.

12. Beginning in July 2022, **QUINTANILLA** began to take very brief leave in order to attend prenatal appointments every 2-3 weeks for which she used her available paid time off.

13. But upon doing so, the Defendant expressed its displeasure that **QUINTANILLA** was taking any time off due to her pregnancy.

14. This increased as **QUINTANILLA**'s due date drew nearer, and on August 29, 2022 – while 7-months pregnant – the Defendant terminated her employment.

15. The Defendant then replaced **QUINTANILLA** with a non-pregnant employee.

16. The Defendant terminated **QUINTANILLA** as a result of pregnancy.

17. The Defendant's tangible, adverse employment actions were causally connected to **QUINTANILLA**'s pregnancy.

18. The Defendant intentionally and systematically discriminated against **QUINTANILLA** by using her pregnancy as a substantial or motivating factor in the Defendant's decision not to continue **QUINTANILLA**'s employment and terminating her.

19. The Defendant's decision to terminate **QUINTANILLA**'s employment violated **QUINTANILLA**'s rights under the PDA and FCRA.

## COUNT I – VIOLATION OF THE PREGNANCY DISCRIMINATION ACT (PDA)

20. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

21. At all material times, **QUINTANILLA** was an employee and the Defendant was her employer covered by and within the meaning of the PDA.

22. The Defendant intentionally discriminated against **QUINTANILLA** because she was pregnant with regard to the terms and conditions of her employment, whereas other similarly situated non-pregnant employees were given unrestricted brief leave to accommodate their physical incapacity or for no reason at all.

23. The Defendant's employment and disciplinary policies were applied differently to **QUINTANILLA** because of her pregnancy.

24. The Defendant intentionally discriminated against **QUINTANILLA** by discharging her because she became pregnant.

25. The Defendant acted with malice or reckless indifference to the civil rights of **QUINTANILLA**.

26. **QUINTANILLA** has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained

her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages,

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FCRA- PREGNANCY

27. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

28. At all material times, **QUINTANILLA** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

29. The Defendant intentionally discriminated against **QUINTANILLA** because she was pregnant with regard to the terms and conditions of her employment, whereas other similarly situated non-pregnant employees were given unrestricted brief leave to accommodate their physical incapacity or for no reason at all.

30. The Defendant's employment and disciplinary policies were applied differently to **QUINTANILLA** because of her pregnancy.

31. The Defendant intentionally discriminated against **QUINTANILLA** by discharging her because she became pregnant.

32. The Defendant acted with malice or reckless indifference to the civil rights of **QUINTANILLA**.

33. **QUINTANILLA** has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages,

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT III – RETALIATION

34. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

35. **QUINTANILLA** is a female a person and, as such, is a member of a protected class.

36. At all material times, **QUINTANILLA** was an employee and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

37. **QUINTANILLA** was qualified for the positions that she held with the Defendant.

38. **QUINTANILLA** requested brief leave due to her pregnancy.

39. **QUINTANILLA**'s requests constitute a protected activity because they were made in furtherance of rights secured by law.

40. Said protected activity was the proximate cause of the Defendant's negative employment actions against **QUINTANILLA**.

41. Instead of granting her requests, the Defendant retaliated against **QUINTANILLA**.

42. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

43. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, **QUINTANILLA** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

44. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the

prohibited acts perpetrated against her, **QUINTANILLA** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

45. As a direct and proximate result of the Defendant's actions, **QUINTANILLA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

46. **QUINTANILLA** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

47. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

48. **QUINTANILLA** is a female a person and, as such, is a member of a protected class.

49. At all material times, **QUINTANILLA** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

50. **QUINTANILLA** was qualified for the positions that she held with the Defendant.

51. **QUINTANILLA** requested brief leave due to her pregnancy.

52. **QUINTANILLA**'s requests constitute a protected activity because they were made in furtherance of rights secured by law.

53. Said protected activity was the proximate cause of the Defendant's negative employment actions against **QUINTANILLA**.

54. Instead of granting her requests, the Defendant retaliated against **QUINTANILLA**.

55. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

56. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **QUINTANILLA** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

57. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **QUINTANILLA** is entitled to all relief necessary to make her whole as provided for under the FCRA.

58. As a direct and proximate result of the Defendant's actions, **QUINTANILLA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

59. **QUINTANILLA** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **BRYSEIDA QUINTANILLA**, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: March 30, 2023
/s/ **Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com